# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ABDIWAHAB M. HUSSEIN,**

        **Petitioner,**

        v.                        **Case No. 16-CV-383**

**BRIAN FOSTER,**

        **Respondent.**

## ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner Abdiwahab M. Hussein, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed petition for a writ of habeas corpus. (ECF No. 1.) Hussein also filed a petition and affidavit to proceed without prepayment of fees and/or costs, commonly referred to as a motion for leave to proceed in forma pauperis ("IFP"). (ECF No. 2.) He has consented to the full jurisdiction of a magistrate judge. (ECF No. 5.) The court has reviewed Hussein's Prisoner Trust Account Statement and concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, his motion for leave to proceed in forma pauperis shall be granted.

Next, the court must screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Having reviewed the petition and the dockets from Hussein's state court proceedings, it appears that his petition may be untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on the filing of habeas petitions by individuals "in custody pursuant of the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period generally begins to run on the date that the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). However, the one-year clock is tolled while post-conviction or collateral appeals are pending in state court, *see* 28 U.S.C. § 2244(d)(2), and it may be tolled for equitable reasons, *see, e.g.*, Holland v. Florida, 560 U.S. 631, 649 (2010). As a result, whether Hussein's petition should be dismissed as untimely is uncertain. And, of course, the statute of limitations is an affirmative defense that the respondent can choose to waive.

**IT IS THEREFORE ORDERED** that respondent Brian Foster must answer or otherwise respond to the petition. The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General. Within **60 days** of the date of this order, the respondent

shall either answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases or file a motion to dismiss. An optional supplemental brief in opposition to the petition may be filed along with the answer to the petition.

Within **28 days** of the respondent's answer or motion to dismiss, the petitioner shall submit a brief in response.

In the event the respondent files a motion to dismiss, the respondent shall have **14 days** from the petitioner's response in which to file a reply. Unless the court determines that additional proceedings are necessary, this shall conclude the briefing in this matter. The court will then resolve the petition on the written record.

**IT IS FURTHER ORDERED** that the petitioner's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is **granted**.

Dated at Milwaukee, Wisconsin this 19th day of April, 2016.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge