UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ABDIWAHAB M. HUSSEIN,
         Petitioner,

v.                                                                            Case No. 16-C-0383

BRIAN FOSTER, Warden,
         Respondent.

## DECISION AND ORDER

Abdiwahab Hussein petitions for a writ of habeas corpus under 28 U.S.C. § 2254. In a prior order, I denied, without prejudice, the respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). *See* Order of Jan. 20, 2017, ECF No. 23. I concluded that although the petition was filed after the expiration of the one-year limitations period, Hussein's claim that he was entitled to equitable tolling required further exploration. I then found that resolving the merits of Hussein's petition would be simpler than conducting further proceedings on equitable tolling. I thus directed the respondent to answer the petition and directed the parties to file briefs on the merits, which they have done.

In his merits brief, the respondent raises a different procedural defense, which is that Hussein has not exhausted all of the federal claims he asserts in his petition. It is undisputed that Hussein properly exhausted his claim that his statement to the police should have been suppressed under *Miranda v. Arizona*, 384 U.S. 436 (1966). But the respondent notes correctly that none of the dozens of other claims that Hussein alleges in his petition has been properly exhausted. In my last order, I noted that Hussein had not exhausted these claims and predicted that the respondent would allege that

Hussein's failure to exhaust those claims resulted in a procedural default. *See, e.g., Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) (explaining how failure to properly exhaust can lead to procedural default when state court remedies are no longer available). However, the respondent does not allege that Hussein's lack of exhaustion resulted in a procedural default. Instead, the respondent argues that Hussein may still return to state court and exhaust his claims by raising them in a collateral postconviction motion under Wis. Stat. § 974.06. The respondent recommends that, in accordance with *Rhines v. Weber*, 544 U.S. 269 (2005), I give Hussein the choice of either deleting his unexhausted claims and proceeding with the exhausted claim or requesting that I stay this case and hold it in abeyance while he returns to state court to exhaust the unexhausted claims.

In his reply brief, Hussein seems to disagree with the notion that he may still obtain review of his unexhausted federal claims in state court. *See* "Rebuttal" Br. at 2, 5, 8, 13, ECF No. 35. Hussein contends that if he files a collateral postconviction motion under § 974.06, the motion will be denied based on *State v. Escalona-Naranjo*, 185 Wis. 2d 168 (1994), which holds that, absent a "sufficient reason," a criminal defendant cannot raise an issue in a motion under § 974.06 that he could have raised on direct appeal, *id.* at 184–86. Hussein may be correct on that point. But if he is, then it would follow that he has procedurally defaulted his unexhausted claims. *See Bolton*, 730 F.3d at 696. In that event, Hussein could not obtain federal review unless he showed either cause and prejudice or that the failure to consider his claims would result in a fundamental miscarriage of justice. *Id.*

Hussein has not argued that he fits within the fundamental-miscarriage-of-justice exception. However, he seems to allege ineffective assistance of appellate counsel as cause for his failure to exhaust. *See* Rebuttal Br. at 8. But a claim of ineffective assistance of appellate counsel asserted as cause for a procedural default must itself be properly exhausted in state court. *See Edwards v. Carpenter*, 529 U.S. 446 (2000); *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Hussein has not raised his challenge to appellate counsel's effectiveness in state court, and thus he has not exhausted it. Moreover, it appears that Hussein may yet obtain state-court review of that claim. To the extent Hussein is challenging the performance of appellate counsel in the court of appeals—i.e., challenging counsel's failure to raise certain issues in his appellate briefs—he may raise that issue in a petition for a writ of habeas corpus filed with the court of appeals that heard the appeal. *See State v. Knight*, 168 Wis. 2d 509, 520 (1992). To the extent Hussein is challenging the performance of appellate counsel in his "postconviction" capacity—i.e., challenging his failure to raise certain issues, such as ineffective assistance of trial counsel, that had to be raised in the trial court before they could be raised in the court of appeals—he may raise that issue in either a petition for a writ of habeas corpus filed in the trial court or in a motion under § 974.06. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 681 (Ct. App. 1996). And I note that ineffective assistance of postconviction counsel may qualify as a "sufficient reason" under *Escalona-Naranjo*, thus permitting the trial court to consider Hussein's other unexhausted claims on the merits. *See id.* at 682–83.

Because it appears that Hussein still has avenues to relief available in state court, I will give him the option of requesting the stay-and-abeyance procedure of

*Rhines v. Weber*. If Hussein would like me to stay the federal petition and hold it in abeyance while he attempts to exhaust his unexhausted claims in accordance with *Knight* and *Rothering*, he should so inform me within 30 days of the date of this order. Alternatively, the petitioner may decide not to request a stay and instead file an amended federal petition that omits the unexhausted claims. Such an amended petition may contain only the *Miranda* claim that Hussein's appellate counsel presented to both the Wisconsin Court of Appeals and the Wisconsin Supreme Court on direct appeal. Finally, I advise the petitioner that if he does not either request a stay or file an amended petition in accordance with this order, I will dismiss the entire petition without prejudice on the ground that it is a mixed petition. Such a dismissal would likely mean the termination of any federal review. *See Rhines*, 544 U.S. at 275.

Accordingly, **IT IS ORDERED** that, on or before **April 20, 2018**, Hussein shall either (1) request that I stay this case and hold it in abeyance while he exhausts his remaining state-court remedies, or (2) file an amended petition asserting only his *Miranda* claim. If Hussein does neither of these things, I will enter an order dismissing his current petition without prejudice.

**IT IS FURTHER ORDERED** that Hussein's "motion for expedited consideration" (ECF No. 36) is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2018.

s/Lynn Adelman
LYNN ADELMAN
District Judge